STATE OF MAINE

Sagadahoc, ss.

SUPERIOR COURT

AMH - BAG- 5/7/2012

THE BANK OF MAINE

Plaintiff

v.                                                    Docket No. BATSC-RE-12-02

NEIL J. DANISH and VERA L. DANISH

Defendants

## ORDER ON PENDING MOTIONS

Before the court are the Motion for Summary Judgment of Plaintiff Bank of Maine filed March 15, 2012, and the Defendants' Request to File a Late Answer filed April 9, 2012. The court elects to decide both without oral argument pursuant to M.R. Civ. P. 7(b)(7), meaning that the May 8 hearing is cancelled. This renders moot the Defendant's motion to stay the May 8 hearing.

The Plaintiff, The Bank of Maine, filed its Complaint for Foreclosure on January 24, 2012. Service was made on the Defendants in hand on February 8, 2012 at 323 Old Bath Road, Brunswick, Maine.

Along with the Motion for Summary Judgment, the Plaintiff filed an Affidavit and Request for Default and Default Judgment for each of the Defendants because the Defendants had not appeared in the case. This court granted the entries of default against both defendants on March 26, 2012.

On April 9, 2012, the Defendants filed a Request to File a Late Answer, along with an Answer with Affirmative Defenses, and a First Request for Production of Documents. There is some question as to whether the signature on these

1

documents is original. A duplicate copy was filed on April 17, 2012 with original signatures. This filing also apparently included a Motion to Stay the Hearing scheduled for May 8, 2012.

On April 13, 2012, the Plaintiff filed an Opposing Memorandum to Defendants' Request to File Late Answer and Set-Aside Default and an Opposition to the Motion to Stay Hearing.

**Entry of Default**

M.R. Civ. P. 55(a)(1) states that no default or default judgment shall be entered in a foreclosure action except after review by the court and determination that (1) the service and notice requirements of 14 M.R.S. § 6111 and the Rules of Civil Procedure have been followed and (2) that the plaintiff has property certified proof of ownership of the note and produced evidence of the note and mortgage, and all assignments and endorsements thereof.

As noted below, the Plaintiff has not property certified proof of ownership of the note because it has failed to explain the transfer of ownership from the Gardiner Savings Bank to The Bank of Maine. Although it is expected that this is merely a change in corporate name or merging of corporate entities, the Plaintiff must provide evidence to the court demonstrating that it is the current owner of the note. In fact, the Affidavit and Request for Default does not make any mention of the requirements of M.R. Civ. P. 55(a)(1). Even assuming that the statement of material fact supporting the motion for summary judgment may also be considered to support the request for entry of default, the Plaintiff has not presented sufficient proof of ownership of the note.

2

## Motion for Summary Judgment

The Defendants have not filed an opposition. However, the motion appears to be defective in the following respects.

- The jurat of the Plaintiff's Affidavit states that the testimony is made on "information and belief " rather than on the basis of personal knowledge as required by M.R. Civ. P. 56(e). Although the Plaintiff states in paragraphs B that she has "personal knowledge of the account" and that "the facts set forth herein are based upon my own personal knowledge and upon records kept in the regular course of business," the next paragraph qualifies that statement by stating "to the extent the facts are based on information and belief, the affiant believes them to be true." (Howe Aff. ¶ A.) There is an insufficient basis on which the court can conclude that the affiant actually has personal knowledge of the account. Also, the affiant does not lay the foundation for the business records exception to apply, so the records attached are hearsay.

- The Note was made in favor of Gardiner Savings Institution, FSB but the Plaintiff is The Bank of Maine. The Statements of Material Fact do not discuss this change in ownership. Paragraph 1 states that The Bank of Maine is formerly known as Savings Bank of Maine but there is no discussion of if or how Gardiner Savings Institution, FSB became the Savings Bank of Maine.

- The Statements of Material Fact regarding the Note and Mortgage (paragraphs 7 and 8) refer to the copy of the Note and Mortgage attached to the Complaint. These paragraphs also cite to the Plaintiff's Affidavit, which in turn attaches copies of the Note and Mortgage to the Affidavit. However, those copies are not sworn or certified as required by M.R. Civ. P. 56(e).

- Furthermore, the Note and Mortgage both state that the Borrower is Neil J. Danish. The Note is only signed by Neil Danish. The Mortgage is signed by both Neil and Vera Danish, although Vera is not named as the grantor of the Mortgage – the document defines the terms "Owner," "Borrower," "I," and "me" to mean Neil J. Danish. It is unclear what effect Vera Danish's signature on the Mortgage has and whether she is a proper defendant.

- The Plaintiff does not provide any citation to the specific paragraphs of the mortgage and note that indicate that it is an event of default to fail to make payments on the note and to fail to pay municipal property taxes. (*See* Pl. SMF ¶ 9.)

- The amounts due on the loan stated in paragraph 11 of the statement of material facts do not match the support attached to the Plaintiff's Affidavit (Ex. F). The amounts listed in the statement of material facts gives March 7,

3

2012 as the current date but the print out from the Bank's records is dated January 4, 2012.

- Paragraph 16 states that there are no parties-in-interest but then notes the municipal tax liens on the property that are the basis for the default. The municipality has not been served as a party-in-interest. Although this does not invalidate the action, the Plaintiff would not be successful in obtaining clear title to the property through the foreclosure.

- Furthermore, although there was a request for entry of default that was granted by the court on March 26, 2012 in which the Plaintiff would have been required to comply with the Servicemembers Civil Relief Act, 50 U.S.C. app. §521, there is no Statement of Material Fact regarding this compliance.

### Motion to File Late Answer and Set-Aside Default

The Defendants' motion cites illness, family emergency, inability to find a lawyer, and failure to understand that an answer had to be filed within 20 days as justification for leave to file a late answer. Defendants state that they received the "Clerk Documents" on February 21, 2012 and on February 22, 2012 "suffered a near fatal heart attack and was hospitalized (also complicated w/ infection)." They also state that they could not find an affordable lawyer and finally had to use Pine Tree Legal documents to submit an answer.

The motion further states that there is no prejudice to the Plaintiff because there is no default or default judgment entered. In the Answer the Defendants admit receiving Notice of Default and the Complaint but deny violating the terms of the Mortgage and Note. They also assert eight affirmative defenses, including, failure to state a claim, estoppel, duress, unclean hands, illegality, accord and satisfaction, standing, and that the Mortgage and Note are void for lack of compliance with the Truth In Lending Act, 15 U.S.C. § 1601 *et seq*. and Regulation Z, 12 C.F.R. § 225.1 *et*

4

*seq.* and that the Defendants exercise their rights under that Act to rescind the loan transaction.

Plaintiff's oppositions to the request to file a late answer and stay hearing responds as follows to the Defendants' assertions:

- The Defendants have not provided a good excuse for the late filing given the fact that the summons contained clear language regarding the consequences of not filing a written answer within 20 days.

- Defendants have also failed to provide a meritorious defense because the late answer does not contain sufficient facts for the court to overturn the entry of default under M.R. Civ. P. 55(c).

- The Defendants request to stay the hearing is a delay tactic.

The Defendants' motion is also problematic for the following reasons:

- Defendants state that they received the "Clerk Documents" on February 22, 2012. It is not clear exactly what documents were delivered by sheriff on February 22 because the Return of Service filed with the court state that service was made on both Defendants on February 8, 2012.

- The Defendants also state that no default has been entered but this court granted the Plaintiff's motion for default against both Defendants on March 26, 2012.

Although the Defendants' motion may be insufficient to set aside the default, because the entries of default should not have been granted in the first place, because there is a strong preference for deciding cases on the merits, and because the motion for summary judgment is defective and must be denied, the Defendants' Request to File a Late Answer is hereby granted. For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is denied.

IT IS ORDERED AS FOLLOWS:

5

1. Defendants' Request for Leave to File Late Answer is granted.

   Defendants' answer and affirmative defenses is docketed as timely filed.

2. Plaintiff's Motion for Summary Judgment is denied.

3.     Defendants' Motion to Stay the May 8 motion hearing is dismissed as moot.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this Order by reference in the docket.

Dated May 7, 2012

Justice. Superior Court

6

THE BANK OF MAINE - PLAINTIFF

Attorney for: THE BANK OF MAINE
RICHARD CURRIER  - RETAINED 01/24/2012
CURRIER & TRASK PA
55 NORTH STREET
PRESQUE ISLE ME 04769


vs
VERA L DANISH  - DEFENDANT
323 OLD BATH ROAD
BRUNSWICK ME 04011
NEIL J DANISH  - DEFENDANT
323 OLD BATH ROAD
BRUNSWICK ME 04011

SUPERIOR COURT
SAGADAHOC, ss.
Docket No   BATSC-RE-2012-00002

**DOCKET  RECORD**